## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAJUAN S.L. LOWERY,

     **Plaintiff,**

     v.                                        **CASE NO.  21-3061-SAC**

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, et. al,

     **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is detained at the Leavenworth County Jail in Leavenworth, Kansas.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  On March 12, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 3) ("MOSC"), granting Plaintiff until April 5, 2021, in which to show good cause why his Complaint should not be dismissed.  This matter is before the Court on Plaintiff's Response (Doc. 4.)

The Court found in the MOSC that Plaintiff's allegations involve incidents surrounding an automobile accident that occurred in 2017.  Plaintiff makes claims for personal injuries, for a fraudulent lawsuit, and under the False Claims Act.  Plaintiff names as defendants:  American Family Mutual Insurance Company; Angela Colavito; and Cory Stevenson.

The Court found in the MOSC that Plaintiff names an insurance company and two private citizens as defendants and has not shown that any of the defendants were acting under color of state law as required under § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v.*

*Atkins*, 487 U.S. 42, 48 (1988).

The Court found in the MOSC that Plaintiff's Complaint would also be barred by the statute of limitations.  The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

Lastly, the Court found in the MOSC that Plaintiff fails to assert a claim under the False Claims Act ("FCA").  The FCA "is to enhance the Government's ability to recover losses sustained as a result of fraud against the Government."  *Payne v. Att'y Gen. of Massachusetts*, No. 12-4062-SAC, 2012 WL 2580183, at *2 (D. Kan. July 3, 2012) (quoting *Ridenour v. Kaiser-Hill Co., LLC*, 397 F.3d 925, 930 (10th Cir.) (citing S.Rep. No. 99–345, at 1 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5266), *cert. denied*, 546 U.S. 816 (2005)).  Plaintiff has not alleged a fraud against the Government.  In addition, "plaintiff's claims are subject to dismissal because *pro se* plaintiffs 'cannot maintain a FCA action on behalf of the Government.'"  *Id.* (citations omitted); *see also United States ex rel. May v. United States*, ___ F. App'x ___, 2020 WL 7252963, at *2 (10th Cir. Dec. 10, 2020) (unpublished) (finding that plaintiff cannot salvage claims by framing them as a *qui tam* action under the FCA because a pro se litigant may not bring a *qui tam* action") (citation omitted).  A plaintiff's *pro se* status would warrant dismissal without prejudice of any *qui tam* claims.  *Id.* (citation omitted).

In his Response, Plaintiff alleges that the court erred by sending him § 1983 forms when he requested forms to file a personal injury/motor vehicle claim.  Plaintiff asks this Court to

transfer this case to the proper jurisdiction.  However, this Court cannot transfer to state court a case originally brought in federal court. *See Fenley v. Tulsa Inspection Res., LLC*, No. 15-2316-JWL, 2015 WL 1978207, at *4 (D. Kan. May 1, 2015) ("[B]ecause plaintiff does not provide, and the court cannot find, authority that would allow the court to transfer to the state court system a case that originated in federal court, plaintiff's case must be dismissed.") (citation omitted); *Greene v. Asurion Ins. Servs., Inc.*, No. 2:17CV623DAK, 2017 WL 7520605, at *1 (D. Utah Aug. 1, 2017) ("A federal court can remand an action to the state court when the action was improperly removed from state court to federal court, but the federal court cannot transfer a case to state court that was filed originally in federal court."); *Transcon. Gas Pipe Line Co., LLC v. G.A. West & Co.*, No. 17-CV-0050-CVE-FHM, 2017 WL 1536233, at *3 (N.D. Okla. April 27, 2017) ("This Court cannot transfer a case to an Oklahoma state Court.").

Plaintiff must file a new action in state court. Plaintiff has failed to show good cause why this action should not be dismissed.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated April 5, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**